IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD LOUIS BUTLER,. JR. (TDCJ No. 2123250), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-3228-B-BN |
| DALLAS HOUSING AUTHORITY, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* civil rights action filed by Plaintiff Richard Louis Butler, Jr., a Texas prisoner, has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice to the claims raised in the complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met.

**Applicable Background, Legal Standards, and Analysis**

Butler is currently serving a 27-year sentence after he was convicted of murder. *See State v. Butler*, No. F15-7937-I (Crim. Dist. Ct. No. 2, Dallas Cnty., Tex.), *aff'd*, 05-00279-CR, 2018 WL 360237 (Tex. App. – Dallas May 16, 2018, pet. ref'd); *see also Ex parte Butler*, WR-88,995-01 (Tex. Crim. App. Oct. 10, 2018) (denying state habeas

application without written order).

In his civil complaint against the Dallas Housing Authority ("DHA"), Butler requests "financial compensation for being tra[u]matized, sent to prison and suffering from emotional distress because of having to use deadly force against (Jesse Lee Willis) a known sex offender who threatened to go 'Beast Mode' on me and kill me in my Dallas Housing Authorities Apartments (Cliff Manor)." Dkt. No. 2 at 1. *Compare id.*, *with Butler v. State*, 2018 WL 360237, at \*3 ("Butler asked Willis to leave, and Willis responded that, if Butler continued to disrespect him, he would kill Butler. Butler again asked Willis to leave. Willis put his right foot on the tailgate of the truck, and Butler shot Willis because he thought he was going to 'turn beast mode' on him. According to Butler, he was hospitalized for two days due to high blood pressure, had been released the day before the shooting, and was not healthy enough to be in a fight. He believed that, if he was in a fight, 'that could have burst a vessel' in his leg that went to his heart. He thought this could cause a heart attack because something similar happened to a friend of his. He was also concerned that Willis going 'beast mode' on him could cause paralysis or death.... In the guilt-phase charge, the trial court instructed the jury on the law pertaining to self-defense and that, if the jury found Butler was acting in self-defense, it was required to acquit him. The jury found Butler guilty of murder.").

Claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court

-2-

should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)). "The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

To succeed on his claims against DHA, the Court must find that Butler's murder conviction is invalid. But Butler has not shown that his conviction has been reversed, expunged, or otherwise declared invalid or called into question. The record, in fact, supports the opposite conclusion. His current claims are therefore frivolous and barred by *Heck*.

## Recommendation

The Court should dismiss this action with prejudice to the claims raised in the complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 10, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE